**ORIGINAL**

**CV19 - 6789**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Angel Alvarez

_____

_____

Plaintiff,

[Insert full name of plaintiff/prisoner]

DONNELLY, J.
BLOOM, M.J.

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

JURY DEMAND

YES ___✓___   NO _____

-against-

Detective Robert Peters
of Queens Detective Area 109 pct
Tax Reg# 907055/2861
NYCPD (NYPD) servants and
employees of the New York City
Police Department and Superiors

Defendant(s).

**RECEIVED**
NOV 29 2019
**PRO SE OFFICE**

[Insert full name(s) of defendant(s).  If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants.  The
names listed above must be identical to those listed in Part I]

I.    **Parties:**  (In item A below, place your name in the first blank and provide your present
       address and telephone number.  Do the same for additional plaintiffs, if any.)

A.   **Name of plaintiff** Angel Alvarez _____

If you are incarcerated, provide the name of the facility and address:

Not Incarcerated

9730 81st street Apt#2

Ozone Park NY 11416    718-924-8826

Prisoner ID Number: _____N/A_____

1

If you are not incarcerated, provide your current address:

9730 81st Street Apt # 2

Ozone Park NY 11416

Telephone Number: (718) 924-8826

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

Robert Peters
Full Name

Detective Tax Reg# 907055/2861
Job Title

109th Pct - 37-05 Union Street
Flushing NY 11354
Address

Defendant No. 2

Commanders, Supervisors, Staff
Full Name

109 Precint Police officers
Job Title

37-05 Union Street
Flushing NY 11354
Address

Defendant No. 3

Commissioner NYPD
Full Name

Commissioner NYCPD
Job Title

1 Police Plaza

2

New York NY
Address

Defendant No. 4

Manager/owner/Hengyi Chen
Full Name

Manager/owner/Employee
Job Title

Jetta Trading Incorporated
136-84 Roosevelt Ave Flushing Queens
Address New York 11354

Defendant No. 5

_____
Full Name

_____
Job Title

_____

_____
Address

## II.    Statement of Claim:

(State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need <u>not</u> give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? Jetta Trading Inc
136-84 Roosevelt Ave Flushing Queens NY 11354
109 Precint 3705 Union street Flushing NY 11354

When did the events happen? (include approximate time and date) ① January 15, 2014
between 2:45 Pm and 2:50 Pm / ② June 04, 2015  2:00pm
Date of complaint ① and ② date of arrest

Facts: (what happened?) On June 04, 2015 at approximately 12 pm - 2:00 pm at the 109 Precint, Queens, New York. The plaintiff herein Angel Alvarez was arrested for petty larceny, which allegedly occurred on January 15, 2014, approximately 17 months earlier. Plaintiff Angel Alvarez was arrested by Detective Robert Peters Tax Reg # 907055/2861 with the authorization of the commanders/or superiors on duty at the 109 precint in Queens. On June 04, 2015 at the above stated time. The plaintiff did not participate nor did committ any petty larceny on January 15, 2014, and no witness identified plaintiff Angel Alvarez. The plaintiff was illegally stopped, searched and arrested, without cause or justification. Plaintiff was falsely arrested imprisoned and maliciously prosecuted →

continued on added page # 3 addendum

**II.A.   Injuries.**   If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

The plaintiff was subjected to personal and physical injuries; unlawful arrest, false arrest and imprisonment, malicious prosecution, abuse of process, negligence, intentional and negligent infliction of emotional distress, harassment unconstitutional conditions of confinement, and deprivation of his constitutional rights as well

Continuation page 4 addendum

4

The false arrest, detention and malicious prosecution was based upon lies told by Detective R. Peters and fellow officers John and Jane Doe of the 109 precint and the failure of their Supervisors all of the 109 Precint to intervene.

The false arrest, detention, and malicious prosecution arose out of a criminal court Queens county complaint #Q15628972/2015QN028360 written by Detective R. Peters and duly sworn to on June 04, 2015. See exibit A. Bail was set at arraignment in AP1 Queens criminal court on June 04, 2015 at $5,000 cash/Bond. Plaintiff Angel Alvarez did not make bail. See exibit B. Plaintiff Angel Alvarez was incarcerated for approximately 18 months. Plaintiff was scheduled 17 court appearances without any pretrial hearings, discovery material and or trial.

On December 14, 2016 the case was then dismissed and sealed on motion of prosecution. Plaintiff claims, emotional, physical injuries as a result of intentional, reckless and negligent conduct by Detective R. Peters, agents, servants and employees of the NYCPD. NYPD officers failed to intervene to prevent the deprivation of claimants constitutional, civil and common law rights. See exibit C

addendum page
3

Plaintiff alleges negligence in the hiring and retention of incompetent and unfit police employees, negligence in the supervision, training and instruction of such employees and respondeat superior liability.

addendum page
3

civil and common law rights. As a result of the officers' actions, plaintiff has experienced personal, physical and emotional injuries, pain and suffering, fear, and invasion of privacy, psychological pain, emotional distress, mental anguish, and humiliation.

addendum page
4

## III. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please Refer to pages numbered #4

## IV. Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I want to be awarded for my pain and suffering for the 18½ months spent in jail. The emotional distress I went through. Lost wages after losing my Job as a result of the NYPD/Det. Peters negligence. I am asking for $1,000,000.00 in damages. Or what relief the court seems just and proper. Damages also include violation of my civil rights false arrest, malicious prosecution, lack of evidence for my arrest and detention.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11·28 — , 2019

Signature of Plaintiff _Angel Alvarez_

Printed Name of Plaintiff _Angel Alvarez_

6

QUEENS  DA          Fax:17182866993        Jun 4 2015 10:00pm  P002/003
                    Fax:1-718-321-2193            Jun 4 2015 09:17pm  P002/003

AFFIN6644779656462

$5,000
AP-1
06/16/15

# CRIMINAL COURT OF THE CITY OF NEW YORK
## PART APAR, COUNTY OF QUEENS

Q15628972

THE PEOPLE OF THE STATE OF NEW YORK

v.

ANGEL ALVAREZ (39Y)

DEFENDANT

STATE OF N]
COUNTY OF (  2015QN028360

Your
4

on 6/4/15
arraignment 1
no Depo

DETECTIVE ROBERT  PETERS OF QNS DET AREA 109, TAX REG#: 907055,  BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JANUARY 15 2014  BETWEEN
2:45PM AND 2:50PM, INSIDE OF 136-84  ROOSEVELT AVENUE (JETTA TRADING
INC. ), COUNTY OF QUEENS, STATE OF NEW YORK, THE DEFENDANT COMMITTED
THE OFFENSE OF:

PL 155.25 [AM] PETIT LARCENY - (DNA SAMPLE REQUIRED UPON CONVICTION)

Calendar

PL 155.25 [AM] PETIT LARCENY - (DNA SAMPLE REQUIRED UPON CONVICTION)
    --- KNOWINGLY AND UNLAWFULLY STEAL THE PROPERTY OF ANOTHER.

THE ABOVE OFFENSE WAS COMMITTED AS FOLLOWS:

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, HENGYI CHEN, WHO
IS A STORE EMPLOYEE OF JETTA TRADING INC., THAT AT THE ABOVE MENTIONED
DATE, TIME, AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, ANGEL
ALVAREZ, REMOVE AN IPHONE 5S FROM THE STORE SHELVES, PLACE SAID ITEM
INTO HIS POCKET, WALK PAST ALL FINAL POINTS OF SALE, AND EXIT THE
STORE WITHOUT PAYING FOR SAID MERCHANDISE.

DEPONENT FURTHER STATES THAT HE OBSERVED VIDEO SURVEILLANCE FOOTAGE FROM
THE ABOVE MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE AND THAT SAID
VIDEO SURVEILLANCE FOOTAGE SHOWS THE DEFENDANT REMOVE AN IPHONE 5S
FROM STORE SHELVES, PLACE SAID IPHONE INTO HIS POCKET AND EXIT THE STORE
WITHOUT PAYING FOR SAID IPHONE 5S.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT HE IS
THE LEGAL CUSTODIAN OF THE ABOVE MENTIONED MERCHANDISE AND THAT THE
DEFENDANT DID NOT HAVE PERMISSION OR AUTHORITY TO TAKE, REMOVE, USE,
OR OTHERWISE EXERCISE CONTROL OVER SAID PROPERTY WITHOUT PAYING FOR IT.

IT need
SI

For

Vicary
Corr
280-8
240-3'

4/9/2015
AP#

5,000
5,000

Exibit A (1)



AFF1864479656462

ALVAREZ,ANGEL   915628972

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

6/4/15        3t  7t  ~2%t   109,000
_____
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF


_____
DATE        SIGNATURE


D says
Not true
U.S. citizen


Exibit A (2)

# New York State Unified Court System

## WebCriminal

## Case Details - Summary

**CASE INFORMATION**

Court: **Queens Criminal Court**
Case #: **2015QN028360**
Defendant: **Alvarez, Angel**

---

### Defendant

Name: **Alvarez, Angel**
Birth Year: **1963**
NYSID: **4473857N**

---

### Incident and Arrest

**Incident**
Date: **January 15, 2014**
CJTN: **67166211R**

**Arrest**
Date & Time: **June 4, 2015 12:00**
Arrest #: **Q15628972**

**Officer**
Agency: **NYPD**
Command: **109**

---

### Attorney Information

**Defense Attorney**
Name:
Type: **18B (Assigned)**
Court Date: **July 16, 2015**
Court Part: **AP1**

**Assistant District Attorney**
Name:
Assigned: **July 16, 2015**

---

### Next Appearance

Date: **February 3, 2016**
Court: **Queens Criminal Court**
Part: **AP1**

---

### Docket Sentence

**No Sentence Information on File**

Exibit B (1)

# New York State Unified Court System

## WebCriminal

### Case Details – Charges

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Queens Criminal Court** |
| Case #: | **2015QN028360** |
| Defendant: | **Alvarez, Angel** |

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 155.25 00 **\*\*TOP CHARGE\*\*** | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge** <br> Description:    *Petit Larceny* | |

Exibit B (2)

Case 1:19-cv-06789-EK-TAM   Document 1   Filed 11/29/19   Page 14 of 28 PageID #: 14

# New York State Unified Court System

## WebCriminal

### Case Details - Appearances

**CASE INFORMATION**

Court: **Queens Criminal Court**
Case #: **2015QN028360**
Defendant: **Alvarez, Angel**

| Date/ Part | Judge | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 02/03/2016 AP1 | | HEARING | No Type | | |
| 12/14/2015 AP1 | Dibiase, B | PENDING | No Type | Cavanaugh, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 10/02/2015 AP1 | Hart, E | PENDING | No Type | Carroll, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 09/10/2015 AP1 | Hawkins, D | PENDING | No Type | Fowler, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 07/28/2015 AP1 | Drysdale, A | PENDING | No Type | Chamberlain, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 07/17/2015 AP1 | Zoll, J | PENDING | No Type | Zeni, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 07/16/2015 AP1 | Zoll, J | PENDING | No Type | Zeni, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 06/09/2015 AP1 | Dibiase, B | PENDING | No Type | Chamberlain, | Case Continued (adjourned) Bond $5,000 Cash $5,000 (Not Posted) |
| 06/04/2015 APAR3 | Drysdale, A | PENDING | Pre-Arraignment Deposition Given | Fowler, | Case Continued (adjourned) - Temporary Order Of Protection Issued Bond $5,000 Cash $5,000 (Not Posted) |

Exibit B (3)



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415

Phone: (718) 298-0792 Fax: (718) 520-2451

**NO FEE**
Non-Public
Version

---

The People of the State of New York
vs.
**Angel Alvarez**

**Certificate of Disposition**
Docket Number:              **CR-028360-15QN**
Legacy Docket Number:    **2015QN028360**

Defendant DOB:  **03/13/1963**

Arrest Date:  **06/04/2015**          Arraignment Date:  **06/04/2015**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count | Arraignment Charge | Charge Weight | Disposition | Disposition Date |
|-------|--------------------|---------------|-------------|------------------|
| 1 | PL 155.25 AM Petit Larceny **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/14/2016 |

Dated:  **March 9, 2018**

_____
**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)] Arraignment charges may not be the same as the original arrest charges.

CPL 160.50:          All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

Exibit C

Angel Alvarez
Plaintiff

Civil Rights Complaint
42 U.S.C § 1983

- against -

Detective Robert Peters #907055
Employees and Superiors
NYCPD - New York City Police Department

Addendum to Civil Rights Complaint 42 U.S.C § 1983
Attached are the following documents.

1) Letter/retainment agreement Brownstein Legal
2) Designation of Agent Records Pursuant to —
NYCPL 160.50
3) Proof of filing Notice of intent to file claim
4) Claim filed by Brownstein Legal
5) Proof of date 50H hearing was held.

There was unfavorable offer made by the city to
the plaintiff, of $2,000 dollars which plaintiff
rejected. And Ms. Brownstein of Brownstein
Legal is no longer on case. Plaintiff is filing
Pro Se. Until further Notice.

Angel Alvarez
_Angel Alvarez

1

# Brownstein Legal
## Ilissa Brownstein, Esq.

65 Broadway
7th Floor
New York, New York 10006
Phone: (212) 691-3333 • Fax: (212) 635-5555
Email: ib@brownsteinlegal.com
Website: www.brownsteinlegal.com

December 16, 2015

Dear Angel Alvarez:

I am the attorney that contacted you about a false arrest on June 4, 2015.  I received your phone call.  We are interested in evaluating your potential false arrest claim.

(1) Please fill out the attached questionnaire and send it back to my office in the envelope provided. Make sure you fill out ALL questions.

(2) Please sign and return the 160.50 release form in the highlighted areas, and have it notarized. This form will allow me to get the court files.

We are very close to the deadline so please send this information back immediately.

Sincerely,

Ilissa Brownstein

2

# Law Office of Ilissa Brownstein, P.C.

65 Broadway • 7th Floor
New York, New York 10006
Cell: (212) 691-3333 • Fax: (212) 635-5555
ib@brownsteinlegal.com

## RETAINER AGREEMENT

This agreement is entered into by and between the Law Office of Ilissa Brownstein, Esq. at 65 Broadway 7th Floor, New York, New York, and _Angel Alvarez_, hereinafter referred to as "Client". Client hereby agrees to hire Attorney to represent them in their claim against the City of New York.

The Law Firm of Ilissa Brownstein may decide not to file your claim in court. This retainer obligates us to file a notice of claim and attempt to negotiate this case with the Comptroller's Office. If client is in jail and cannot attend the 50-h hearing before the deadline to file the lawsuit in state court because the client is in jail, the Law Firm of Ilissa Brownstein reserves the right to discontinue representation. If the client declines the offer made by the Comptroller's Office or if no settlement offer is made by the Comptroller's Office, the Law Office of Ilissa Brownstein reserves the right to discontinue representation before filing case in court. Additionally, if the Law Firm of Ilissa Brownstein files the case in court and the client decides not to accept the settlement offer at the first settlement conference or if no settlement offer is made, the Law Office of Ilissa Brownstein reserves the right to withdraw and terminate representation.

In consideration for this representation, Clients agree to pay the following fees the Law Office of Ilissa Brownstein, Esq.: the greater of one third of any award or settlement won in this case or any attorney fees awarded by the Court at completion of the case.

All expenses and disbursements will be deducted from the Client's portion of the award or settlement after the award or settlement is divided. These expenses/disbursements include but are not limited to: filing fees, deposition costs, transcripts, expert testimony, investigative, process service, copying, mailing, or other services properly chargeable to the enforcement of the claim of prosecution of the action.  The Law Office of Ilissa Brownstein, Esq. chooses which expenses to cover in advance.  If the claimant needs medical or psychological exams, the claimant is responsible for covering those costs in advance.  In computing the fee, the cost as taxed, including interest upon a judgment, shall be deemed part of the amount recovered.  Additionally, all liens, assignments or claims in favor of hospitals, medical treatment by doctors and nurses, or self- insurers or insurance carriers will be paid directly from the client's portion of the award or settlement.

As part of this agreement you acknowledge that you are required to provide all documentation requested by the Law Office of Ilissa Brownstein. All documents on the list provided by our Office are due by the 50-h hearing. If client is in jail, client authorizes attorney by signing 160.50 to obtain the court file. Attorney will deduct $300 from settlement to compensate for each visit to the courthouse to procure court file. If lawsuit involves a release from the precinct or a decline to prosecute, the Law Office of Ilissa Brownstein will be required to obtain the documents showing proof of the arrest. We will charge client $200 to procure such documents.  If lawsuit involves jail time for a parole or a probation violation, we will charge client $200 to procure parole/probation violation documents. If lawsuit involves obtaining medical records, we will charge client $200 to procure medical records in addition to the cost we pay per page.   If lawsuit involves obtaining incident reports from jail, we will charge client $200 to procure incident reports.   If such documents are not provided by the client on or before the 50-h hearing, we will be obligated to obtain requested documents and charge accordingly. If client is a Medicare recipient, an additional $300 will be charged from the settlement proceeds to compensate the Law Office for time spent procuring a letter from Medicare stating it will not assert a lien. All such document fees are subtracted from the settlement check and will never be collected from the client out of pocket.   Ilissa Brownstein, Esq. is not responsible for returning documents provided by the client.

3

If client misses the 50-h hearing or if client is more than one hour late to the 50-h hearing but the hearing takes place, the Law Office of Ilissa Brownstein will deduct $300 from client's portion of the settlement or award to account for attorney's waiting time. Additionally, client will be responsible for the payment of whatever is charged to the court reporter and/or attorneys for the City for a "bust fee." If client misses two 50-h hearings, the Law Office of Ilissa Brownstein may choose to end representation.

If the client requests that the Law Office of Ilissa Brownstein sign documents allowing a loan company to issue client a loan after a settlement offer has been accepted by the client, this Office will charge the client $200 to review the loan companies papers, to correspond with the loan company regarding their fee and to distribute separate checks to the client and the loan company.

If the Law Office of Ilissa Brownstein cannot get in contact with the client for six months upon client's release from jail or six months after trying to contact client, we reserve the right to terminate representation.

If the Law Office of Ilissa Brownstein cannot contact the client within 1 month of the statute of limitations deadline for false arrest or malicious prosecution, I authorize the law firm of Ilissa Brownstein to accept the settlement offer on my behalf by signing my name to the settlement documents. If the law firm of Ilissa Brownstein cannot reach the client within one year of receiving the settlement check, I, the client, give up all rights I have to the settlement or award.

If the cause of action is settled by the Client without the consent of the Attorneys, the Client agrees to pay the Attorneys the above percentage of the full amount of the settlement for the benefit of the Client, to whomever paid or whatever called. The Attorneys shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the Court. In such circumstances, the Court would determine the fair value of the service. The Attorneys shall have, in addition, the Attorneys' taxable costs and disbursements. In the event the Client is represented on appeal by another attorney, the Attorneys shall have the option of seeking compensation on a *quantum merit* basis to be determined by the court.

The undersigned agrees that the Attorneys have made no promises or guarantees regarding the outcome of the prosecution of this claim and understands that the Attorneys will investigate the claim, and if at any point in the case the claim does not appear to the attorneys to have merit or if the damages or injuries sustained by the undersigned are not significantly severe in the opinion of the Attorneys, then the Attorneys shall have the right to cancel this retainer at any point in the lawsuit on notice to the undersigned.

I agree that by signing this agreement I am prohibited from consulting with any other Attorneys about my case, except for attorneys at the law firms of the Law Office of Ilissa Brownstein, Esq. I agree that the attorneys employed by the Law Office of Ilissa Brownstein, Esq. are my attorneys and any contact with other attorneys regarding this matter must go through the Law Office of Ilissa Brownstein, Esq.

I hereby grant the Law Office of Ilissa Brownstein, Esq. power of attorney for the limited purpose of endorsing negotiable instruments payable to me in connection with the above claim and depositing those negotiable instruments in the Law Office of Ilissa Brownstein, Esq. Attorney Trust (IOLA) Account.

I acknowledge that I have read this agreement and that the Law Office of Ilissa Brownstein, Esq. has answered all of my questions, and has explained this agreement to my satisfaction, and that I have been given a copy of said agreement. In addition, I acknowledge that my signature reflects my agreement to the terms as stated above.

 , 2017

4

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, __Angel Alvarez__, Date of Birth __03 / 13 / 1963__
SS# __129 - 56 - 9446__ pursuant to CPL § 160.50[1][d], hereby designate
Ilissa Brownstein, Esq. and Ryan Lozar, Esq. and paralegals Jenise Isaac and Sade Garcia as my
agents to whom records of the criminal action __P.L 155, 25/DKT# 2015QN028360__in
Criminal Court, County of __Queens__, State of New York, relating to my arrest on or about
__June 04, 2015__, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50,
which permits those records to be made available only (1) to persons designated by me, or (2) to
certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records
may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers
relating to my arrest and prosecution in the criminal action identified herein on file with any
court, police agency, prosecutor's office or state or local agency that were ordered to be sealed
under the provisions of CPL § 160.50.

_Angel Alvarez_

STATE OF NEW YORK        )
                         : SS.:
COUNTY OF ▓▓▓▓▓          )

On this ▓▓▓▓ day of ▓▓▓▓▓▓ 20▓▓ before me personally
came ▓▓▓▓▓▓▓▓▓▓▓ to me known and known to me to be the individual
described in and who executed the foregoing instrument, and he acknowledged to me that he
executed the same.

DANIELLE STRINGER
Notary Public State of New York
No 01ST6131234
Qualified in Queens County
Commission Expires August 1, 2017

5



**USPS TRACKING #**

90 9402 1259 5246 8231 91

**First-Class Mail**
Postage & Fees Paid
USPS
Permit No. G-10



United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Angel Alvarez 441-15-02711
Rikers Island RNDC
11 - 11 Hazen street
East Elmhurst
New York 11370

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>_____   1-23-17 |
| 1. Article Addressed to:<br><br>Comptroller of the City<br>of New York Rm 1225S<br>Municipal Building<br>1 Centre Street<br>New York New York<br>10007 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 1259 5246 8231 91

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☑ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☑ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number (Transfer from service label)
7015 0640 0003 0804 8714

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

7



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:    NYC-COMPT-BLA-PI1-C

# Personal Injury Claim Form

Electronically filed claims must be filed at the NYC Comptroller's Website. If your claim is not resolved
within 1 year and 90 days from the date of occurrence you must start legal action to preserve your rights.

**I am filing:**  ○ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

Last Name:
First Name:
Relationship to the claimant:

**Claimant Information**

*Last Name:   Alvarez
*First Name:   Angel
*Address:   21-88 Valentine Avenue
Address 2:
*City:   Bronx
*State:   NEW YORK
*Zip Code:   10457
*Country:   USA
Date of Birth:   *Format: MM/DD/YYYY*
Soc. Sec. #
HICN:
(Medicare #)
Date of Death:   *Format: MM/DD/YYYY*
Phone:
*Email Address:
*Retype Email Address:
Occupation:
City Employee?   ○ Yes   ○ No   ○ NA
Gender   ◉ Male   ○ Female   ○ Other

◉ Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

Firm or Last Name:   Law Office of Ilissa Brownstein, P.C.
Firm or First Name:   Ilissa Brownstein, Esq.
Address:   65 Broadway
Address 2:   Suites 813 & 814
City:   New York
State:   NEW YORK
Zip Code:   10006
Tax ID:   465426894
Phone #:   (212) 691-3333
*Email Address:   ib@brownsteinlegal.com
*Retype Email Address:   ib@brownsteinlegal.com

**The time and place where the claim arose**

*Date of Incident:   06/04/2015   *Format: MM/DD/YYYY*
Time of Incident:   12:00 PM   *Format: HH:MM AM/PM*
*Location of Incident:   109th Precinct
Queens, New York

Address:
Address 2:
City:
*State:   NEW YORK
Borough:   QUEENS

8

**Denotes required fields. A Claimant OR an Attorney Email Address is required.*



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

**Medical Information**

1st Treatment Date: _____  *Format: MM/DD/YYYY*

Hospital/Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____

Date Treated in
Emergency Room: _____  *Format: MM/DD/YYYY*

Was claimant taken to hospital by
an ambulance?  ○ Yes  ○ No  ○ NA

**Employment Information (If claiming lost wages)**

Employer's Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____

Work Days Lost: _____

Amount Earned
Weekly: _____

**Treating Physician Information**

Last Name: _____

First Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____

**Witness 1 Information**

Last Name: _____

First Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____  Phone: _____

**Witness 2 Information**

Last Name: _____

First Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____  Phone: _____

**Witness 3 Information**

Last Name: _____

First Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____  Phone: _____

**Witness 4 Information**

Last Name: _____

First Name: _____

Address: _____

Address 2: _____

City: _____

State: _____

Zip Code: _____  Phone: _____

9



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

### Complete if claim involves a NYC vehicle

**Owner of vehicle claimant was traveling in**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| | |
|---|---|
| Insurance Company Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle information**

| | |
|---|---|
| Make, Model, Year of Vehicle: | |
| Plate #: | |
| VIN #: | |

**City vehicle information**

| | |
|---|---|
| Plate #: | |

| | |
|---|---|
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:**

- ○ Driver
- ○ Passenger
- ○ Pedestrian
- ○ Bicyclist
- ○ Motorcyclist
- ○ Other

**Total Amount Claimed:** $1,000,000.00

*Format: Do not include "$" or ",".*

*The **Total Amount Claimed** can only be entered once the following required fields are entered:*

*Claimant Last Name*
*Claimant First Name*
*Claimant Address, City, State, Zip Code, and Country*
*Claimant Email or Attorney Email*
*Date of Incident*
*Location of Incident (including State)*
*Manner in which claim arose*

10

*I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.*



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

| **\*Manner in which claim arose:** | The following is a summary and does not include all details concerning the incident. |
| --- | --- |

Claimant was illegally stopped, searched and arrested, without cause or justification.  Claimant was falsely arrested, imprisoned and maliciously prosecuted based upon lies told by the NYPD police officers John and Jane Does 1-6 and the failure of other officers to intervene.

On June 4, 2015 at approximately 12pm at the 109th Precinct, Queens, New York, Claimant was arrested for a petty larceny that occurred back on January 15, 2014, over 17 months earlier.  Claimant did not participate in a theft and no witnesses identified Claimant.

Bail was set at arraignment.  Claimant never made bail.

On December 14, 2016 the case was dismissed and sealed on motion of the prosecution.

Claim for personal, emotional and physical injuries sustained by claimant as a result of intentional, reckless, and/or negligent conduct by agents, servants and employees of the City of New York ("City"), and by the New York City Police Department ("NYPD").   NYPD police officers failed to intervene to prevent the deprivation of claimant's constitutional, civil and common law rights.  Claimant alleges negligence in the hiring and retention of incompetent and unfit police employees, negligence in the supervision, training and instruction of such employees, and respondeat superior liability.

11

\* *Denotes required field.*



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

| The items of damage or injuries claimed are (include dollar amounts): | The claimant was subjected to personal and physical injuries; an unlawful seizure; false arrest and imprisonment; malicious prosecution; abuse of process; negligence; intentional and negligent infliction of emotional distress; harassment; unconstitutional conditions of confinement; and to a deprivation of, his constitutional, civil and common law rights.  As a result of the officers' actions, claimant experienced personal, physical, and emotional injuries, pain and suffering, fear, and invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

Claimant was incarcerated for approximately 18 months.  He attended 17 court appearances. |

12

**BROWNSTEIN LEGAL**
65 Broadway (7ᵗʰ Floor) * New York, New York 10006
(212) 691-3333 (phone) * (212) 635-5555 (fax) * (917) 817-5275 (cell) * ib@brownsteinlegal.com (email)

Docket # ~~2015 QN028360~~

Manhattan Criminal Court: 100 Centre Street (Room 150/Clerks Office)
Brooklyn Criminal Court: 120 Schermerhorn Street (5ᵗʰ Floor)
Bronx Criminal Court: 265 E. 161 Street (2nd Floor)
Queens Criminal Court: 125-01 Queens Blvd, Kew Gardens (Ground Floor Room G-64)

Certificate of Disposition
Criminal Complaint
Employment Letter on letterhead: (1) dates of employment (2) position (3) salary
School Letter/Transcript/School Schedule/Bill/Diploma
Medical Records/ Letter from Doctor
Pictures
Witness Statement
Retainer & 160.50 Release
Other:

Incident Date (if diff than arrest date) ___1 | 15 | 14_____

Arrest Date _____6 | 4 | 15_____ Arrest Time _____ AM  PM

Release Date ____12/14/16  or  12/16/16____ Release Time _____ AM  PM

Length of Time in Jail _____18_____ Hours  Days  Months  Years

Dismissal Date _____12 | 14 | 16_____

Hearing Time _____ AM  PM

Hearing Location: _____                                    *Sydney*

**Krez & Flores:** 225 Broadway Suite 2800: Take 2/3 to Park Place or A/C/4/5/J to Fulton or E to World Trade Center or R to City Hall

**Armienti Debellis:** 39 Broadway Suite 520: Take 2/3/4/5 to Wall St or R to Rector St or J to Broad St or A/C to Fulton St or E to World Trade Ctr

**Billig Law:** 160 Broadway 14ᵗʰ Floor: Take A/C/2/3/4/5/J to Fulton or E to World Trade Center or R to Cortlandt

**Dan Schneider:** 160 Broadway 14ᵗʰ Floor: Take A/C/2/3/4/5/J to Fulton or E to World Trade Center or R to Cortlandt

**Jeffrey Samel:** 150 Broadway 16ᵗʰ Floor: Take A/C/2/3/4/5/J to Fulton or R to Cortlandt

**Colon & Peguero:** 575 Eighth Avenue (Btwn W. 38 & 39 Street) Suite 1808: Take A/C/E to 42ⁿᵈ Street Port Authority

**Silverman Shin:** 88 Pine Suite 2200: Take A/C/2/3/4/5/J to Fulton

**Brown & Hutchinson:** 245 Park Avenue 39th Floor: Take 4/5/6 to Grand Central

**French & Casey:** 29 Broadway 27ᵗʰ Floor (NYC): 2/3/4/5 to Wall St or R to Rector St or J to Broad St OR 16 Court Street (Brooklyn): 2/3/4/5 to Borough Hall

**Jane Barrett:** 188 Montague Street #402 (Brooklyn): Take 2/3/4/5 to Borough Hall

**Havkins, Rosenfeld, Ritzert & Varriale:** Diamond Legal Reporting 16 Court Street # 907 (Brooklyn): Take 2/3/4/5 to Borough Hall

**Russo & Toner:** 33 Whitehall Street, 16th Floor: Take 4/5/R to Whitehall

*13*