UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ANGEL ALVAREZ,

        Plaintiff,

    -against-

DETECTIVE ROBERT PETERS, NYPD;
Commanders, Supervisors, and Staff of the
New York City Police Department, 109th
Precinct; NYPD COMMISSIONER; and HENGYI
CHEN, Manager and Owner, Jetta Trading Inc.,

        Defendants.
------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-6789(EK)

ERIC KOMITEE, United States District Judge:

    On November 29, 2019, Plaintiff Angel Alvarez filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 seeking damages for false arrest, false imprisonment,[1] malicious abuse of process, and malicious prosecution.[2] His claims arise from his June 4, 2015 arrest in Queens, New York for petit larceny. Following his arrest, Alvarez spent eighteen months in jail awaiting trial in the Queens County Criminal Court. He names as defendants the "Commanders, Supervisors and Staff"[3] of the New

---

[1] The Court will treat Plaintiff's claim for "false detention" as "in effect, a claim for 'false imprisonment.'" *See Sampson v. City of Schenectady*, 160 F. Supp. 2d 336, 346 n.14 (N.D.N.Y. 2001).

[2] In addition to his explicit identification of these four claims, Plaintiff states that he is seeking relief for "intentional and negligent infliction of emotional distress, harassment, [and] unconstitutional conditions of confinement." Compl. at 4.

[3] Because Plaintiff identifies the "Commanders, Supervisors, [and] Staff" of the "109 Precinct Police Officers" as defendants in the body of his

1

York City Police Department's ("NYPD") 109th Precinct and the Commissioner of the NYPD (collectively, the "Municipal Supervisory Defendants"), as well as Detective Robert Peters of the 109th Precinct and Hengyi Chen, the manager and owner of Jetta Trading Incorporated ("Jetta").[4]

The Court grants Plaintiff's request for *in forma pauperis* status pursuant to 28 U.S.C. § 1915. However, the Court dismisses Plaintiff's abuse-of-process claim and his claims against the Municipal Supervisory Defendants and Defendant Chen. As explained below, Plaintiff is ordered to show cause within 60 days as to why his false arrest and false imprisonment claims should not be dismissed as time-barred. Plaintiff's remaining claim for malicious prosecution against Defendant Peters may proceed as set forth below.

## I. Background

The following facts are drawn from Plaintiff's complaint and the attached documents, the allegations of which are assumed to be true for purposes of this Memorandum and Order. *See, e.g., Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d

---

complaint, Compl. at 2, the Court has amended the caption to substitute those entities for the "Servants and Employees of the New York City Police Department and Superiors", which are not so named in the body of the complaint, *see id*.

[4] Likewise, because Plaintiff identifies Hengyi Chen among the Defendants in the body of the complaint, Compl. at 2, the Court has amended the caption to name Chen as a defendant.

Cir. 2010) (at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint). On June 4, 2015, Plaintiff was arrested for allegedly stealing a cellular telephone from Jetta, located at 136-84 Roosevelt Avenue in Queens, New York, on January 15, 2014. Compl. at 4. Plaintiff alleges that his arrest was "without cause or justification." *Id*. However, the complaint includes a sworn statement dated June 4, 2015 from Defendant Peters stating that Plaintiff's arrest was based on (i) the complaint of Defendant Chen, Jetta's owner and manager, and (ii) Defendant Peters' review of video surveillance footage dated January 15, 2014 from Jetta, which "shows that [Alvarez] remove[d] an iPhone 5S from store shelves, placed said iPhone into his pocket and exit[ed] without paying for said iPhone 5S." *Id.* at 10-11. Plaintiff was arrested approximately seventeen months after the alleged theft and detained for over eighteen months because he could not afford to pay the $5,000 bail. *Id.* at 5, 14. While detained, Plaintiff appeared in Queens County Criminal Court seventeen times and, on December 14, 2016, the criminal action against him was dismissed on speedy trial grounds[5] and sealed on motion of the prosecution.

---

[5] The Court notes that a speedy trial dismissal constitutes a favorable termination for purposes of a Section 1983 malicious prosecution claim. *See Blount v. City of New York,* No. 15-cv-5599 (PKC), 2019 WL 1050994, at *4-*5 (E.D.N.Y. Mar. 5, 2019) (citing *Lanning v. City of Glen Falls,* 908 F.3d 19 (2d Cir. 2018)).

3

*Id*. at 5, 14-15.  On January 23, 2017, Plaintiff filed a claim with the New York City Office of the Comptroller regarding his arrest and detention.  *Id*. at 22-28.

Plaintiff alleges that his arrest, detention, and prosecution violated his constitutional rights because they were based "upon lies told by Detective R. Peters and fellow officers John and Jane Doe of the 109th Precinct and the failure of their supervisors[,] all of the 109 Precinct[,] to intervene."  *Id*. at 5.  He seeks $1,000,000 in damages for the loss of his job and for pain and suffering caused by more than eighteen months of detention.  *Id.* at 8.

## II.  Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quotation

4

marks and citation omitted).

However, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Federal Rules of Civil Procedure do not require "detailed factual allegations," but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Although the allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. Section 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). To state a claim under Section 1983, "a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). A

plaintiff must also allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quotation marks and citation omitted).

### III. Discussion

#### A. Statute of Limitations

A Section 1983 claim must be filed within three years of the date on which the claim accrued. *See Milan v. Wertheimer,* 808 F.3d 961, 963-64 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994); *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir. 1994). In general, claims accrue when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (federal claims accrue at the "point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action") (citation omitted).

The statute of limitations for a claim of false imprisonment — and for claims of false arrest, which is a "species" of false imprisonment — begins to run "when the alleged false imprisonment ends." *Wallace*, 549 U.S. at 389 (citations omitted). An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389-90. Here, the Plaintiff was held pursuant to legal process when he was arraigned on June 4, 2015, and the limitations period on his false arrest and imprisonment claims began to run that day. Since Plaintiff was detained pursuant to legal process more than three years before the complaint was filed, the time for bringing Plaintiff's false arrest and false imprisonment claims has expired. Therefore, Plaintiff's false arrest and false imprisonment claims must be dismissed with prejudice unless Plaintiff shows that the statute of limitations should be equitably tolled. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (explaining that the doctrine of equitable tolling permits courts, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'") (citations omitted).

As for Plaintiff's malicious prosecution claim, the statute of limitations begins to run when "the underlying criminal

7

action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *accord Walters v. City Dep't of Corr.*, 517 F. App'x 41, 42 (2d Cir. 2013) (summary order). Here, Plaintiff's prosecution terminated on December 14, 2016, when he was released from prison. This was less than three years before the filing of this action on November 29, 2019, and Plaintiff's malicious prosecution claim is therefore timely. Likewise, Plaintiff's state-law claim for abuse of process is timely because Plaintiff filed a notice of claim with the City of New on January 23, 2017, within ninety days of December 14, 2016 — the date on which Plaintiff last "appeared under compulsion of the abused process." *Raus v. Town of Southampton,* 661 F. App'x 81, 82 (2d Cir. 2016) (citation omitted); N.Y. General Municipal Law § 50-e(1)(a) (a plaintiff must serve notice of claim within 90 days after the claim arises).

**B. Supervisory Liability**

Plaintiff's claims against the Municipal Supervisory Defendants must be dismissed because Plaintiff fails to allege these Defendants were personally involved in the specific constitutional deprivations alleged in the complaint. Indeed, Plaintiff makes no mention of the NYPD Commissioner at all.[6] As

---

[6] To the extent the complaint can be construed as asserting claims against the NYPD — an agency of the City of New York — that claim is dismissed because city agencies, including the NYPD, do not have a legal identity separate and apart from the municipality and therefore cannot sue or

8

for the Defendant "Commanders, Supervisors, [and] Staff"[7] of the 109th Precinct, Plaintiff states that they were aware of his arrest and failed to intervene, but fails adequately to identify any specific officer, supervisor, or staff member who was involved in the alleged violation of Plaintiff's constitutional rights. *See Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 501 (S.D.N.Y. 2014) (plaintiffs must "identify the individual or individuals" involved in the alleged constitutional deprivation "with as much specificity as possible"); *Quarles v. Marino*, 09-cv-6103L, 2009 WL 995550, at *1 (W.D.N.Y. Apr. 10, 2009) (to state a claim under Section 1983, plaintiffs must "name, or otherwise identify, a specific person and state how that defendant was personally involved in the alleged constitutional violation."). Because Plaintiff fails to allege any personal or direct involvement by the Municipal Supervisory Defendants in

---

be sued. *See, e.g., Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."); 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, in order to sue the City of New York itself, Plaintiff must allege that the constitutional harm he suffered was caused by the "execution of a [City of New York] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. New York City Dep't of Soc. Servs.*, 658 U.S. 690, 694 (1978). The complaint does not make such an allegation.

[7] As to individual staff members of the 109th Precinct, Plaintiff states that "[t]he false arrest, detention, and malicious prosecution was based upon lies told by Detective R. Peters and fellow officers John and Jane Doe of the 109th Precinct . . . .". Compl. at 5. However, Plaintiff does not name any John Doe officers as defendants and makes no factual allegations against them beyond the above conclusory statement. The Court therefore declines, at this juncture, to construe the *pro se* complaint as alleging claims against the John Doe officers of the 109th Precinct.

the specific constitutional deprivations alleged in the complaint, the Court dismisses the complaint against the "Commanders, Supervisors [and] Staff" of the NYPD's 109th Precinct and the Commissioner of the NYPD. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Gray-Davis v. Rigby,* No. 14-cv-1490, 2016 WL 1298131, at *5 (N.D.N.Y. Mar. 31, 2016) ("A defendant is 'personally involved' if he 'directly participated in the [allegedly unconstitutional] infraction.'") (quoting *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986)). Plaintiff may renew these claims if he can allege that any specific, identifiable Municipal Supervisory Defendants were personally or directly involved in the constitutional harms alleged in Plaintiff's complaint.

### C. Defendant Chen

Plaintiff also names as a defendant Hengyi Chen, a private citizen who worked at Jetta, the store from which a phone was allegedly stolen. Because Section 1983 imposes liability for constitutional violations caused by state actors only, Chen, a private party, cannot be held liable for violating Section 1983. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes

from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotation marks and citations omitted). The fact that Chen filed a complaint with law enforcement that resulted in Plaintiff's arrest or prosecution is insufficient to establish state action. *See Adebiyi v. City of New York*, No. 13-cv-480(WFK), 2014 WL 4922888, at *4 (E.D.N.Y. Sept. 30, 2014) ("Case law in this Circuit is well-established that the provision of information to a police officer — even if that information is false or results in the officer taking affirmative action — is insufficient to constitute 'joint action' with state actors for purposes of § 1983.") (quotation marks and citations omitted); *Bravo v. Bexar Cty, Tex.*, No. 12-cv-4009, 2014 WL 1155302, at *6 (E.D.N.Y. Mar. 21, 2014) (citing *D'Agostino v. N.Y. State Liquor Auth.*, 913 F.Supp. 757, 770 (W.D.N.Y. 1996) ("It is uniformly recognized . . . that a private party does not conspire or jointly act with a state actor simply by complaining to the police.")); *Vazquez v. Combs*, 04-cv-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). Because Plaintiff has failed to plead any facts to support a finding that Chen was acting under color of state law at the time Plaintiff's civil rights were allegedly violated, Plaintiff's claims against Chen are dismissed for

11

failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Despite the likelihood that any effort to amend this claim would be futile, the Court will afford Plaintiff an opportunity to adequately plead that Defendant Chen was acting under color of state law when he caused the harms alleged.

### D. Abuse-of-Process Claim

Plaintiff alleges abuse-of-process claims under Section 1983 against all defendants. Under Section 1983, an abuse-of-process claim in New York "lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994); *accord Savino v. City of New York*, 331 F.3d 63, 69-70 (2d Cir. 2003). In other words, "it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his prosecution." *Savino,* 331 F.3d at 77.

Here, Plaintiff alleges only that he was arrested and prosecuted — that is, that regularly issued legal process was invoked for its usual purpose, not that legal process was pursued for some ulterior motive. Since Plaintiff alleges no ulterior

12

motive for any state actor's use of process, the abuse-of-process claim is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Given Plaintiff's *pro se* status, the Court will afford Plaintiff leave to replead this claim as well.

**E. Malicious Prosecution Claim**

Plaintiff also brings malicious prosecution claims against all Defendants under Section 1983. These claims have been dismissed against all Defendants except Defendant Peters on the grounds discussed above. The Court holds that the claim against Peters should survive the *in forma pauperis* review required by 28 U.S.C. § 1915(e)(2)(B).

To state a claim under Section 1983 for malicious prosecution, Plaintiff must allege "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." *See Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 243-44 (S.D.N.Y. 2014). Reading the *pro se* complaint liberally, as required at this stage, the Court will allow this claim to proceed pending the Defendant's appearance.

**IV. Conclusion**

For the reasons stated above, Plaintiff's 42 U.S.C. § 1983 claims against Defendant Chen and the Municipal Supervisory

13

Defendants are dismissed without prejudice, as are Plaintiff's abuse-of-process claims. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). No summons shall issue as to the aforementioned Defendants and the Clerk of Court is respectfully requested to correct the caption to reflect their dismissal. The Clerk of the Court is further directed to substitute the "NYPD, Commanders, Supervisors, and Staff of the New York City Police Department, 109th Precinct" for the "NYPD, Servants and Employees of the New York City Police Department and Superiors, 109th Precinct" in the case caption.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days to show cause as to why his false arrest and false imprisonment claims should not be dismissed as time-barred. Because it appears from the face of the complaint that the time for bringing these claims has expired, Plaintiff should state facts showing that the statute of limitations for these claims should be equitably tolled. If Plaintiff fails to show that equitable tolling should apply, his claims for false arrest and false imprisonment shall be dismissed with prejudice.

Plaintiff's remaining claim for malicious prosecution against Defendant Peters[8] may proceed. The Clerk of the Court is

---

[8] The Court notes that "the existence of probable cause is a complete defense to the claim of malicious prosecution." *Stansbury v. Wertman,* 721 F.3d 84, 94-95 (2d Cir. 2013) (quotation marks and citation omitted). According to the complaint, Plaintiff's arrest was based, in part, on a

14

directed to issue a summons against Defendant Detective Robert Peters, Tax Registration Number 907055/2861, of the 109th Precinct of the NYPD, and the United States Marshals Service is directed to serve the complaint and this Order on Defendant Peters without prepayment of fees. A copy of this Order shall be served on the Special Federal Litigation Division of the Corporation Counsel. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

---

statement from an eyewitness. Compl. at 10-11. Generally, an inculpatory statement from an eyewitness suffices to establish probable cause and defeats claims for malicious prosecution, abuse of process, false arrest, and false imprisonment. *See Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (holding that it was not relevant whether police withheld evidence because witness interviews provided an independent basis for probable cause); *Blau v. Suffolk Cty*, No. 11-cv-4818, 2016 WL 426515, at *4 (E.D.N.Y. Feb. 3, 2016) (dismissing malicious prosecution claim despite alleged evidence-tampering because witness statements supplied "independent evidence of probable cause"). To prevail on his remaining claim — malicious prosecution — Plaintiff must therefore demonstrate circumstances indicating that the "eyewitness identification[] w[as] so unreliable as to defeat probable cause to arrest him." *Hill v. Marino*, No. 10-cv-5615, 2014 WL 4245546, at *6 (E.D.N.Y. Aug. 26, 2014).

Plaintiff is advised that he may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 for limited-scope legal assistance.

SO ORDERED.

                                                  /s/ Eric Komitee_____
                                              ERIC KOMITEE
                                              United States District Judge

Dated:  Brooklyn, New York
        April 9, 2020