UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ANGEL ALVAREZ,

                    Plaintiff,                   **MEMORANDUM & ORDER**
                                                 19-CV-6789(EK)(TAM)

          -against-

DETECTIVE ROBERT PETERS,

                    Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

          Plaintiff Angel Alvarez filed this *pro se* complaint on
November 29, 2019.  He brought Section 1983 claims against
several police officials and a private citizen for false arrest,
false imprisonment, malicious abuse of process, and malicious
prosecution arising from his June 4, 2015 arrest for petit
larceny.  The only claim remaining is the malicious prosecution
claim against now-retired Detective Robert Peters — the NYPD
officer who signed a sworn statement attesting to Plaintiff's
role in the offense.  Compl. 10-11, ECF No. 1.[1]  Defendant now

---

[1] Specifically, I dismissed Plaintiff's claims as to all but one
defendant — Detective Robert Peters — and dismissed Plaintiff's claim for
malicious abuse of process.  *See* Mem. & Order 13-15, ECF No. 4.  Of the
remaining three claims, I allowed one, the malicious-prosecution claim, to
proceed against defendant Detective Peters.  I granted Plaintiff sixty days
to show cause why two other claims — for false arrest and false
imprisonment — should not be dismissed as time-barred.  Plaintiff did not
respond to the Court's Order with respect to those two claims.  Accordingly,
on July 1, 2020, I dismissed those claims for failure to state a claim on
which relief may be granted.  *See* Mem. & Order 2, ECF No. 11.

moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For the reasons set out below, the motion is granted.

## I.   Background

These facts are taken from the Complaint and Defendant's 56.1 Statement where supported by uncontroverted evidence in the record.

On April 3, 2015, Alvarez was remanded to the custody of the New York City Department of Correction ("DOC") pending trial on a burglary charge.  *See* Def. 56.1 Statement ¶¶ 1–2, ECF No. 31.  On June 4, 2015, Alvarez was removed from DOC custody by Defendant Detective Robert Peters, brought to NYPD Precinct 109, and arrested for a January 2014 theft of an iPhone 5S from Jetta Trading Inc., in violation of N.Y. Penal Law § 155.25 (petit larceny).  *See* Def. 56.1 Statement ¶¶ 3–4.  Detective Peters also arrested Alvarez on a burglary charge pertaining to an unrelated incident; he was arraigned in Queens County Criminal Court in both cases that same day.  *Id.* ¶¶ 7–8.

Following his arrest and arraignment, Plaintiff was unable to make bail and remained incarcerated, awaiting trial on his now-three pending criminal charges.  *Id.* ¶ 9; Compl. 5.  On December 14, 2016, the petit larceny charge was dismissed on speedy trial grounds pursuant to N.Y. Crim. Proc. Law § 30.30.

2

*Id.* ¶ 10.  Alvarez remained in custody awaiting trial on his two remaining criminal charges.  *See* Def. 56.1 Statement ¶ 11.

A year later, on October 18, 2017, Alvarez pleaded guilty to two counts of burglary in the third degree, for which he was sentenced to a term of two-to-five years' incarceration. *Id.* ¶¶ 12–13.

On November 29, 2019, Alvarez filed a Section 1983 suit against Detective Peters, Hengyi Chen (the employee who identified Alvarez as the burglar of the iPhone), the NYPD, and the leadership of the NYPD, asserting a multitude of claims.  In April 2020, as noted above, the Court granted Alvarez's request to proceed *in forma pauperis* and dismissed a number of defendants and claims.

The only remaining claim is against defendant Peters for malicious prosecution.  The City asked for a pre-motion conference in anticipation of a motion to dismiss, and at that conference the Court contemplated — and later issued an order — converting the motion to dismiss into one for summary judgment. The Court also confined the motion to two issues: (1) whether the June 4, 2015 prosecution implicated Plaintiff's liberty interests under the Fourth Amendment and (2) whether the dismissal of the June 4, 2015 charge on speedy-trial grounds constituted a "favorable termination" for purposes of a claim for malicious prosecution under *Lanning v. City of Glens Falls*,

3

908 F.3d 19, 28 (2d Cir. 2018).  The Court gave Alvarez clear instructions on which issues to brief and how he could, if he chose, request evidence from Defendant via expedited discovery. *See* Order of May 14, 2021, at 5-6, ECF No. 25.

Alvarez never responded to Peters's motion for summary judgment — even after the Court *sua sponte* gave him additional time — so the Court deemed the motion fully briefed on October 21, 2021.  Alvarez also declined to attend oral argument, despite receiving notice; the Court elected to forego argument and decide this motion on the papers.

## II.  Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "can affect the outcome under the applicable substantive law."  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  A genuine dispute is one that can "reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In performing this analysis, the Court must resolve all ambiguities and draw all inferences in favor of the non-moving party.  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994).  "If, in this generous light, a material issue is found to exist, summary judgment is improper."

4

*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).[2]

The moving party may establish that there is no genuine dispute "by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo*, 22 F.3d at 1223-24 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  If the moving party meets this burden, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *LaBounty v. Coughlin*, 137 F.3d 68, 73 (2d Cir. 1998).  However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011).  If "no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Id.*

### III. Discussion

The Second Circuit instructs that courts must give "special solicitude" to pro se litigants and should construe "the submissions of a pro se litigant liberally" and interpret them "to raise the strongest arguments that they suggest."

---

[2] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, footnotes, and internal quotation marks.

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  "Nonetheless, proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment."  *Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund*, 27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014).

"[F]ailure to oppose a motion for summary judgment alone does not justify the granting of summary judgment."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  The Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Id.*  The Court also may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement; instead, "[i]t must be satisfied that the citation to evidence in the record supports the assertion."  *Id.*

Alvarez received notice of the potential consequences arising from the filing of a motion for summary judgment on multiple occasions.  *See Cruz v. Armstrong*, 20 Fed. App'x 95, 96 (2d Cir. 2001) ("A *pro se* litigant facing a motion for summary judgment must receive notice of the requirements for opposing

6

the motion."); Local Rule of the United States District Courts
for the Southern and Eastern Districts of New York 56.2 (setting
out movant's responsibility to provide notice to pro se litigant
when moving for summary judgment).  At the premotion conference
on April 20, 2021, the Court observed that it was contemplating
converting Peters's motion to dismiss to a motion for summary
judgment.  *See* Transcript of Proceedings held on April 20, 2021,
at 15, ECF No. 26.  And in a subsequent order, the Court laid
out the limited questions the parties were to address at summary
judgment.  *See* Order of May 14, 2021, at 4–5, ECF No. 25.  In
addition, defendant Peters filed the statement called for by
Local Civil Rule 56.2.  *See* Local Rule 56.2; *see also* ECF No.
34.

To succeed on a claim for malicious prosecution under
Section 1983, a plaintiff must establish the basic elements of
malicious prosecution under New York law: "(i) the commencement
or continuation of a criminal proceeding against her; (ii) the
termination of the proceeding in her favor; (iii) that there was
no probable cause for the proceeding; and (iv) that the
proceeding was instituted with malice."  *Mitchell v. City of New
York*, 841 F.3d 72, 79 (2d Cir. 2016).

In addition, a Section 1983 malicious-prosecution
claim also requires "a seizure or other perversion of proper
legal procedures implicating the claimant's personal liberty and

7

privacy interests under the Fourth Amendment." *Id.* This is
because Section 1983 offers a mechanism for enforcing only
federal rights that are "elsewhere conferred" — that is, rights
that derive from either a federal statute or the U.S.
Constitution. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).
As with malicious-prosecution claims generally, the federal
right at issue here derives from the Fourth Amendment. *See*
*Albright v. Oliver*, 510 U.S. 266, 274-75 (1994) (plaintiffs
cannot bring Section 1983 claims for malicious prosecution under
substantive due process theories); *Singer v. Fulton Cnty.*
*Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) ("A plaintiff asserting
a Fourth Amendment malicious prosecution claim under § 1983 must
. . . show some deprivation of liberty consistent with the
concept of 'seizure.'"). Successful plaintiffs, therefore, must
show that the malicious prosecution "implicate[s]" the
plaintiff's right to be "free of unreasonable or unwarranted
restraints on personal liberty" under the Fourth Amendment.
*Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir.
2004).

**A. Deprivation of Liberty**

The prosecution for the June 4, 2015 petit-larceny
charge did not implicate Plaintiff's Fourth Amendment rights.
Plaintiff was already incarcerated on other charges when the
offense occurred, and he remained incarcerated after the petit-

8

larceny charge was dismissed.  *See* Def. 56.1 Statement ¶¶ 2-3,
9-11; Def. Ex. B to Decl. of Mostafa Khairy in Supp. of Def.'s
Mot. for Summ. J., New York Department of Correction's Inmate
Movement History Log, ECF No. 33-2.  Plaintiff does not dispute
that fact.  *See* PMC Transcript 10-12, ECF No. 26 (In response to
the Court asking whether Plaintiff disputed whether he was
incarcerated both before and after he was arrested on the petit
larceny charge that is the basis for this § 1983 suit, Plaintiff
replied: "Oh, no, your Honor, I'm not going to dispute that I
was not incarcerated because I was, you know.").  When asked to
confirm that he was incarcerated awaiting trial on different
charges, Plaintiff again confirmed that was the case:

> THE COURT: But is it true that you were
> already -- that you were doing that time in jail
> regardless of this case, because you were also
> incarcerated on a different charge?
>
> MR. ALVAREZ: Yeah, I'm not disputing that.
> I'm not disputing that, your Honor.

*Id.* 11:19-24.

"Courts have held, for purposes of a malicious
prosecution claim, that an inmate already incarcerated has not
suffered any unconstitutional deprivation of liberty as a result
of being charged with new criminal offenses."  *Allen v. City of
New York*, 480 F. Supp. 2d 689, 717 (S.D.N.Y. 2007); *see also
Arnold v. Geary*, 582 Fed. App'x 42, 42-43 (2d Cir. 2014); *Walker
v. Sankhi*, 494 F. App'x 140, 143 (2d Cir. 2012) (holding that

the plaintiff "could not have suffered a deprivation of liberty" as a result of the charge "because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate . . . charge, of which he was ultimately convicted").  Accordingly, Peters is entitled to summary judgment on Plaintiff's Section 1983 claim.

Plaintiff does not explicitly assert a malicious prosecution claim under New York state law.  *See* Compl. 1 (submitting, as Plaintiff's complaint, a court-issued form labeled "Section 1983 claim").  To the extent Alvarez's complaint can be read to allege a state-law claim for malicious prosecution, the Court declines to exercise supplemental jurisdiction over that claim.  Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim" once they dismiss all claims over which they have original jurisdiction.  *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).[3]

---

[3] While Peters is entitled to summary judgment because Alvarez cannot show a deprivation of liberty, I also asked the parties to brief the issue of whether dismissal of the charge against Alvarez on speedy-trial grounds constituted a favorable termination, one element of a malicious prosecution claim.  During the pendency of this case, the Second Circuit answered the question in the affirmative, holding that "a plaintiff will prevail on this 'favorable termination' element as a matter of law when there was a speedy trial dismissal unless the defendant produces evidence of a 'non-merits-based explanation for the failure to pursue the prosecution' of the plaintiff.  *See Kee v. City of New York*, 12 F.4th 150, 165 (2d Cir. 2021) (quoting *Murphy v. Lynn*, 118 F.3d 938, 951 (2d Cir. 1997).

## IV.   Conclusion

For the reasons explained above, Peters's motion for summary judgment is granted.  The Clerk of Court is respectfully instructed to enter judgment and close this case.


SO ORDERED.

_____/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:     January 28, 2022
           Brooklyn, New York

11